IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ARAYOS, LLC, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   MISC. ACTION 15-0027-WS-M |
| | ) |
| JIMMIE ELLIS, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

This miscellaneous action comes before the Court on plaintiff's Application for Charging Order against John M. Vellianitis (doc. 12).

On December 1, 2015, plaintiff, Arayos, LLC, registered in this judicial district a Judgment (doc. 2) entered by the United States District Court for the District of Maine on October 26, 2015. This Judgment was a default judgment in favor of Arayos, LLC and against John M. Vellianitis and various other defendants, jointly and severally, in the amounts of $590,618.22, plus post-judgment interest, as to Counts II, III, and X; an additional $600,000.00 in statutory damages, plus post-judgment interest as to Count VIII; reasonable attorney's fees of $64,467.50; and $33,125.00 for fees and costs incurred in pre-suit services on non-litigation related tasks. Plaintiff represents that, at present, the Judgment balance remains at $1,288,210.72, exclusive of accrued interest and costs, meaning that to date plaintiff has collected precisely nothing on the Judgment. (Doc. 12, ¶ 1.)

In furtherance of its ongoing (and thus far unsuccessful) collection efforts, Arayos now seeks issuance of a charging order against Vellianitis's interests in the following limited liability companies: VMJ, LLC; JPV Hospitality Group, LLC; Lodge Entertainment, LLC; and Jonesboro Investments, LLC. The first two of these LLCs were formed in Alabama, while the third and fourth are foreign limited liability companies, formed in Wyoming and Nevada, respectively. Plaintiff submits records from the Alabama Secretary of State purporting to show that Vellianitis is a member of each of these LLCs; however, only the records for VMJ and JPV

Hospitality list Vellianitis as a member or manager, as the other two identify him as merely the LLC's registered agent in Alabama. (Doc. 12, Exh. A.) Plaintiff's counsel represents that he mailed a copy of this Application for Charging Order to Vellianitis. To date, Vellianitis has filed neither objection nor opposition to the Application.

The relevant Alabama statute provides, in part, as follows: "On application to a court of competent jurisdiction by any judgment creditor of a member or assignee, the court may charge the interest of the member or assignee with payment of the unsatisfied amount of the judgment with interest. To the extent so charged, the judgment creditor has only the rights of an assignee of financial rights." Ala. Code § 10A-5-6.05(a).[1] The statutory requirements for issuance of a charging order are satisfied here as to VMJ, LLC and JPV Hospitality Group, LLC, both of which are Alabama limited liability companies clearly within the ambit of the charging order statute on which plaintiff relies.

The same conclusion does not hold true for Lodge Entertainment, LLC and Jonesboro Investments, LLC. As an initial matter, plaintiff has made no showing that Vellianitis is a member of either of these entities. More importantly, as noted *supra*, plaintiff's filings reflect that Lodge Entertainment is a Wyoming limited liability company, and that Jonesboro Investments is a Nevada limited liability company. Plaintiff has presented no argument explaining why it contends a provision of the Alabama Business and Nonprofit Entities Code would empower this Court to issue a charging order as to a judgment debtor's membership interest in Wyoming and Nevada limited liability companies, as part and parcel of the judgment

---

[1] This Alabama statute governs plaintiff's request because "[t]he procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Rule 69(a)(1), Fed.R.Civ.P.; *see generally Regions Bank v. Stewart*, 2011 WL 1827453 (S.D. Ala. May 10, 2011) (discussing and applying Alabama charging order procedure by which judgment creditor may execute on judgment debtor's interest in limited liability company). Also, the Court recognizes that the Alabama legislature enacted a new charging order statute, found at Alabama Code § 10A-5A-5.03, as part of the Alabama Limited Liability Company Law of 2014. At present, however, this new statute governs only "a limited liability company formed on or after January 1, 2015." Ala. Code § 10A-5A-12.01. The information before the Court shows that the four LLCs at issue were formed prior to January 1, 2015; therefore, the earlier iteration of the charging order statute found at § 10A-5-6.05(a) governs here.

creditor's efforts to enforce a judgment entered by a federal court in Maine.[2]  On its face, Alabama Code § 10A-5-6.05(a) does not appear to authorize issuance of charging orders relating to foreign limited liability companies.[3]

---

[2]     To be sure, plaintiff states in conclusory fashion that "[t]his Court has jurisdiction over Vellianitis [*sic*] interest in his limited liability companies," and cites two cases in which judges of this District Court have entered charging orders pursuant to Alabama law as to foreign limited liability companies.  However, the cited cases articulate no reasoning for their expansive application of Alabama Code § 10A-5-6.05.  Besides, both of those cited cases involved judgments issued by the U.S. District Court for the Southern District of Alabama, such that the charging orders were issued by the court to enforce its own judgment.  By contrast, this Court – and this jurisdiction – has nothing to do with the underlying judgment that Arayos, LLC, is trying to enforce.  Its only connection to this dispute is, ostensibly, that Vellianitis lives in this district (although plaintiffs submits no proof whatsoever to establish such a jurisdictional fact) and is a member of two LLCs organized and formed in the State of Alabama.  The Alabama authorities cited by plaintiff cannot persuasively be read as authorizing this Court, based on such a tenuous connection to the dispute and the absence of supporting language in the applicable charging order statute, to issue charging orders under Alabama law as to limited liability companies formed in Wyoming and Nevada.  And plaintiff's citations to a pair of unpublished state trial-court opinions interpreting the Connecticut charging order statute to allow charging orders to be applied to foreign LLCs are unavailing absent a showing (which has not been made) that the Connecticut statute is identical or even substantially similar to Alabama Code § 10A-5-6.05(a) in all material respects.  Even if the two states' statutes were the same, the Connecticut decisions are unhelpful because of the minimalist reasoning employed (which essentially boils down to the state trial judge's assessment that the Connecticut statute does not expressly forbid issuance of charging orders to foreign LLCs).

[3]     The Alabama statute cited by Arayos allows charging orders to issue as to the interest of a "member."  Ala. Code § 10A-5-6.05.  "Member" is statutorily defined as "[a] person reflected in the required records of a limited liability company as the owner of some governance rights of a membership interest in the limited liability company."  Ala. Code § 10A-5-1.02(7).  The term "limited liability company" is likewise defined as "[a]n organization that is formed and existing under this chapter," Ala. Code § 10A-5-1.02(6), meaning Chapter 5 of Title 10A of the Alabama Code.  Neither Lodge Entertainment, LLC, nor Jonesboro Investments, LLC, is an organization "formed and existing" under that chapter; therefore, the charging order provisions of § 10A-5-6.05 do not appear to reach those entities because Vellianitis would not qualify as a "member" of a "limited liability company," as those terms are defined by the statute.  Again, plaintiff has made no showing to the contrary.  Moreover, although there appears to be precious little case authority on this point, at least one appellate decision from a jurisdiction with an analogous statute supports this result.  *See, e.g., Fannie Mae v. Heather Apartments Ltd. Partnership*, 2013 WL 6223564, *6 (Minn.App. Dec. 2, 2013) (charging order unavailable because Minnesota charging order statute applies only to a limited liability company "organized or governed by this chapter," whereas subject LLC was organized in and governed by laws of the Cook Islands).

For the foregoing reasons, plaintiff's Application for Charging Order against John M. Vellianitis (doc. 12) is **granted in part**, and **denied in part**.  It is therefore **ordered** that the individual financial interests of defendant John M. Vellianitis in VMJ, LLC, and JPV Hospitality Group, LLC, be **charged** with payment of the Judgment rendered by the U.S. District Court for the District of Maine in favor of Arayos, LLC, on October 26, 2015 in the amount of $1,288,210.72, plus accrued interest thereon and costs, less any payments made or credits received.  It is further **ordered** that VMJ, LLC and JPV Hospitality Group, LLC, must report to Arayos, LLC each time a distribution is made with respect to any transferable interest (listing the amount and time of all distributions made in connection with that distribution), and must further distribute to Arayos any amounts that become due or distributable to John M. Vellianitis.  The Application for Charging Order is **denied** as to Lodge Entertainment, LLC, and Jonesboro Investments, LLC.  In the absence of a legal showing by plaintiff (which has not been made) that the Alabama charging order statute authorizes orders charging a judgment debtor's membership interest in a foreign LLC, no such order will issue from this Court charging Vellianitis's interests (if any) in those foreign limited liability companies pursuant to Alabama Code § 10A-5-6.05(a).

DONE and ORDERED this 25th day of April, 2016.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE